# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBERT D. JOHNSTON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SCHWAN'S HOME SERVICE, INC., )<br>)<br>Defendant. ) | **MEMORANDUM OPINION<br>AND RECOMMENDATION**<br><br>1:09CV211 |

This matter is before the court on Plaintiff's Motion to Remand (docket no. 7). Defendant has filed a response in opposition to the motion (docket no. 12) and Plaintiff has filed a reply brief (docket no. 13). In this posture, the matter is ripe for disposition. Since there has been no consent to the jurisdiction of the magistrate judge, the court must deal with the motion to remand by way of a recommended disposition. For the reasons discussed herein, it will be recommended that the motion to remand be denied.

**Background**

Plaintiff originally filed this action in Superior Court of Alamance County, North Carolina on February 18, 2009, alleging that Defendant had violated North Carolina's Wage and Hour Act, N.C. GEN. STAT. § 95-25.22, and breached its contract with him. In the complaint, Plaintiff alleges that Defendant failed to pay him his promised severance payment of $26,555.00. Plaintiff further alleges that Defendant gave pretextual reasons for terminating Plaintiff for the purpose of avoiding the payment of the $26,555.00. In its answer, Defendant denies that Plaintiff was in good standing

with the company through the end of his employment and was, therefore, not eligible for the severance payment.

On March 25, 2009, Defendant removed the action to this court pursuant to 28 U.S.C. §§ 1441, 1446.  On April 15, 2009, Plaintiff filed a motion to remand.  In his motion, Plaintiff challenges the ability of Defendant to establish that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).  On May 5, 2009, Defendant filed its brief opposing the motion to remand.  On May 11, 2009, Plaintiff filed its reply brief in support of its motion to remand.

**Discussion**

When a party moves for remand, the burden is on the removing party to show that the requirements for removal have been met.  *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296-97 (4th Cir. 2008).  The governing federal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a).  The statute, therefore, only permits the removal of a civil action if the federal courts would be authorized to hear the case if brought initially in federal court.  Defendant claims that this court has subject matter jurisdiction by virtue of diversity of citizenship under 28 U.S.C. § 1332, which grants federal jurisdiction in civil actions between citizens of different states where the matter in controversy exceeds $75,000.

For purposes of removal jurisdiction, a court must examine the circumstances in a case as of the time the case was filed in state court–that is, before the defendants filed their Answer in federal court. *Wisconsin Dept. of Corrs. v. Schacht*, 524 U.S. 381, 390 (1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938) (stating that "the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove")). Thus, in determining whether the jurisdictional amount has been met, a federal court must consider the parties' citizenship and the amount in controversy as of the time of removal, and events occurring after removal that destroy diversity or reduce the amount in controversy will not divest the court of its jurisdiction. *St. Paul Mercury Indem. Co.*, 303 U.S. at 288-90; *see also Atari v. McNeal*, 159 F. Supp. 2d 224, 225 (W.D.N.C. 2000). "[I]f, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow." *St. Paul Mercury Indem. Co.*, 303 U.S. at 292. Finally, in removal cases it is the defendant's burden to prove that the case satisfies all of the jurisdictional requirements for removal.[1] *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148

---

[1] This circuit's court of appeals has not addressed the appropriate standard of proof in such situations, but this court has consistently required defendants to prove diversity jurisdiction by a "preponderance of the evidence." *Michael v. Bayer Corp.*, No. 1:01CV1106, 2003 WL 151850, at *3 (M.D.N.C. Jan. 8, 2003) (citing *Turner v. CTS Con-Way Transp. Servs.*, No. 1:98CV00624, 1999 WL 1939243, at *1 (M.D.N.C. Apr. 28, 1999) (citing precedent in other circuits and then adopting a preponderance of the evidence standard)); *see also Griffin v. Holmes*, 843 F. Supp. 81 (E.D.N.C. 1993).

(4th Cir. 1994); *Dash v. Firstplus Home Loan Trust,* 248 F. Supp. 2d 489, 496 (M.D.N.C. 2003).

Plaintiff concedes that the parties are diverse and the only remaining jurisdictional question is whether the amount in controversy has been satisfied. This court must decide whether, at the time of removal, Plaintiff's recovery could exceed $75,000, exclusive of interest and costs. The Complaint states that Plaintiff seeks the amount of the severance payment, $26,555.00, together with interest, liquidated damages, double damages, attorney's fees, revision of Defendant's records and Plaintiff's personnel files, a requirement that Defendant must provide a positive reference for Plaintiff to inquiries from any prospective employers, and "such other and further relief as to the Court may seem just and proper."[2] *See* Complaint ¶¶ 38, 40, 41.

Plaintiff points out that he is not entitled to both liquidated damages and double damages, only to liquidated damages which may equal the severance payment and therefore double the amount. Since Plaintiff is asking for liquidated damages, that could potentially double the amount in controversy to $53,110. Plaintiff argues that the awarding of liquidated damages is within the court's discretion and therefore should not be included in the amount in controversy

---

[2] Plaintiff has asserted claims for breach of contract as well as violation of the North Carolina Wage and Hour Act, N.C. GEN. STAT. § 95-25.22. Since the Wage and Hour Act claim gives Plaintiff the possibility of a larger award, the breach of contract claim need not be considered in the amount in controversy calculation.

calculation. Plaintiff also argues that Defendant has failed to address what, if any, liquidated damages Plaintiff is likely to recover should he prevail. These arguments fail since Plaintiff asks for "double damages" under N.C. GEN. STAT. § 95-25.22 in his Complaint and therefore $53,110 is clearly in controversy from the face of the complaint.

The final consideration is to determine whether the recoverable attorney's fees could be more than $21,890, which would raise the total amount in controversy to over $75,000.[3] Plaintiff relies on *Bartnikowski v. NVR, Inc.*, 307 Fed. Appx. 730 (4th Cir. 2009), affirming *Bartnikowski v. NVR, Inc.*, No. 1:07cv768, 2008 WL 2512839 (M.D.N.C. June 19, 2008), to argue that, during a preliminary stage of the litigation, an estimate of attorney's fees cannot be used to augment the amount in controversy calculation. *Bartnikowski* was a class action case in which Defendants had a difficult time showing the number of unpaid overtime hours the class members had worked. *Id.* at 736. The court was reluctant to estimate attorney's fees in that class action suit and add that number to the unsupported damages estimate, concluding that the estimate of attorneys' fees was "pure speculation." *Id.* at 736 n.12. Unlike in *Bartnikowski*, however, the damages calculation here is straightforward and the estimate of possibly recoverable attorney's fees is not pure speculation. Defendant has submitted an affidavit from Amiel J. Rossabi, an attorney practicing in

---

[3] Attorney's fees may be included in the damages calculation for purposes of diversity jurisdiction when a right to such fees is provided by statute. *Mo. State Life Ins. v. Jones*, 290 U.S. 199 (1933).

-5-

Greensboro, stating that he expects that an attorney in Greensboro with the experience and expertise of Plaintiff's counsel would have an hourly billing rate of at least $300.00 per hour. Defendant then calculates that Plaintiff's counsel would only need to bill 73 hours to surpass the $21,890 in attorney's fees needed to raise the amount in controversy to more than $75,000. This calculation appears reasonable and, therefore, Defendant has met its burden of showing by a preponderance of the evidence that more than $75,000 is at stake. *Talantis v. Paugh Surgical, Inc.*, 273 F. Supp. 2d 710, 714 (M.D.N.C. 2003) (finding during the preliminary stage of the litigation that "[t]he unspecified expenses plus attorney's fees, if tacked onto the requested $66,555.33 for unpaid commissions, could likely exceed $75,000."). For these reasons, the court should deny Plaintiff's motion to remand and allow the matter to proceed in this court.

**Conclusion**

For the reasons stated above, it is **RECOMMENDED** that Plaintiff's Motion to Remand (docket no. 7) be **DENIED**.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
June 24, 2009